# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5603 | **DATE** | 3/28/2002 |
| **CASE TITLE** | Poulos vs. Village of Lindenhurst et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Defendants' motion to quash record subpoenas [26-1] is granted in part and denied in part. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

MAR 2 9 2002

| | |
|---|---|
| SHANNEN POULOS,<br><br>    Plaintiff,<br><br>v.<br><br>VILLAGE OF LINDENHURST, a Municipal Corporation, JACK MCKEEVER, in his individual and official capacity, KEVIN KLAHS, in his individual and official capacity, GEORGE MORAVEC, in his individual and official capacity, JAMES McCAMERON, in his individual capacity,<br><br>    Defendants. | No. 00 C 5603<br><br>Judge Paul E. Plunkett<br>Mag. Judge Mason |

## MEMORANDUM OPINION AND ORDER

The plaintiff in this sexual harassment lawsuit has subpoenaed employment and other records about her alleged harasser from various third parties. Defendants Village of Lindenhurst and Chad McCameron (who was incorrectly sued as James McCameron) have moved to quash the subpoenas on the grounds that they are harassing and not reasonably calculated to lead to the discovery of admissible evidence. For the following reasons, we grant in part and deny in part the motion.

1. <u>Subpoena to the Lake County Sheriff's Office</u>

Defendant McCameron (whom plaintiff accuses of sexually harassing her) testified that while employed by the Village of Lindenhurst as a police officer, he applied for a job with the Lake County Sheriff's Office but was denied, he believes because he failed the psychological examination. The subpoena seeks all documents relating to McCameron's application, including any psychiatric test records. Defendants object on both relevancy

and privacy grounds, citing *Jaffee v. Redmond*, 518 U.S. 1 (1996), which recognized the existence of a psychotherapist-patient privilege.

In this case, Poulos alleges that McCameron was subject to various types of discipline and counseling by the Lindenhurst police department because of what she calls his "bullying" and otherwise inappropriate behavior. McCameron's application for similar employment with a different police department while working for Lindenhurst is relevant to her claims and we will not quash the subpoena on that ground. The question of confidentiality under *Jaffee* requires a little more analysis.

*Jaffee* protects confidential communications between a patient and licensed psychotherapist. However, a patient may waive the protections of *Jaffee* if he or she knows that the communications will be shared with a third-party. *See Scott v. Edinburg*, 101 F.Supp.2d, 1017, 1020 (N.D.Ill. 2000) (refusing to find a that a police officer's fitness for duty evaluation was privileged when officer was informed it would be shared with the police department), and cases cited therein. In this case, it is not evident whether the materials Poulos seeks are confidential or not; neither party discusses whether McCameron expected that the specific information in the psychological test would remain between him and the examiner. *See Caver v. City of Trenton*, 192 F.R.D. 154, 162 (D.N.J. 2000) (privilege intact where the only information provided by the psychotherapist to the police department was a single word, "pass" or "fail"). Thus, we will uphold the subpoena, except to the extent that it seeks information intended to remain confidential between McCameron and his examining psychotherapist, and plaintiff should redraft the subpoena accordingly.[1]

---

[1] We will trust the responding department to make the determination about the
(continued...)

2.   Subpoena to Abbott Laboratories

Next, Poulos seeks employment records from McCameron's current employer, Abbott Labs. McCameron testified that he has not been disciplined while employed by Abbott, and plaintiff seeks any contrary information that could be used for impeachment. Plaintiff also wants to know if McCameron has been accused of sexual harassment while at Abbott. We do not find these reasons compelling and do not think this subpoena will lead to admissible evidence, so we grant defendants' motion to quash it.

3.   Subpoena to Lake Villa Police Department

McCameron worked for the Lake Villa Police Department both during and after he worked for Lindenhurst. Poulos seeks his employment records for this job. We agree that they are relevant and must be produced, subject to the same limitation for confidential psychological information set forth above.

4.   National City Corporation

Plaintiff seeks employment information from McCameron's former employer, a bank. McCameron testified that he was terminated from his position because his bank drawers failed to balance on more than one occasion; he denied that he was fired for stealing. Poulos' limited inquiry into the circumstances surrounding McCameron's termination is relevant for the purposes of impeachment, and we will allow this subpoena to stand.

5.   Dr. Richard Cohen

At some point during his employment at the Lindenhurst Police Department, McCameron saw a psychologist because of problems he was having at work. It is possible

---

[1](...continued)
confidentiality of the test records; if such tests are a regular part of their application process, we expect that they have methods for using the results.

that Dr. Cohen completed a fitness for duty evaluation regarding McCameron, and may have given certain information to the police department regarding his evaluation. The subpoena seeks only those documents that Dr. Cohen sent to the police department. As we explained above, *Jaffee* protects only those communications between patient and psychotherapist that were intended to remain confidential and not be shared with third parties. However, it is not apparent from the parties' briefs whether McCameron was ever made aware that certain information from his sessions with Dr. Cohen might be disclosed.

Thus, we will uphold this subpoena, but order that Dr. Cohen send any responsive documents to the Court for *in camera* review which will not waive any privilege, so that we can determine whether any of the information was intended to remain confidential.

For the above reasons, defendants' motion to quash is granted in part and denied in part. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: March 28, 2002